1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9  WILLIE WEAVER,                                     CASE NO. 1:06-CV-0412-OWW-DLB P

10             Plaintiff,                             ORDER DISMISSING ACTION, WITHOUT
                                                      PREJUDICE, FOR FAILURE TO EXHAUST
11       v.                                           PRIOR TO FILING SUIT

12  CALIFORNIA CORRECTIONAL            (Doc. 1)
    INSTITUTION LEGAL LAW LIBRARY, et
13  al.,

14             Defendants.
                                                    /
15

16      Plaintiff Willie Weaver ("plaintiff") is a state prisoner proceeding pro se in this civil rights

17  action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on April 10, 2006, but has requested

18  leave to proceed in forma pauperis.

19      Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

20  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

21  confined in any jail, prison, or other correctional facility until such administrative remedies as are

22  available are exhausted."  42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement

23  applies to all prisoner suits relating to prison life.  Porter v. Nussle, 435 U.S. 516, 532 (2002).

24  Prisoners must complete the prison's administrative process, regardless of the relief sought by the

25  prisoner and regardless of the relief offered by the process, as long as the administrative process can

26  provide some sort of relief on the complaint stated.  Booth v. Churner, 532 U.S. 731, 741 (2001).

27  "Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical

28  procedural rules . . . ." is required, Ngo v. Woodford, 126 S.Ct. 2378, 2386 (2006), and must occur

1

1   prior to filing suit, <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

2        Plaintiff has filed over one-hundred forty-two actions in this district, the vast majority of

3   which were filed in 2006, and on November 17, 2006, in case number 1:06-cv-01343-AWI-WMW

4   P, Magistrate Judge William Wunderlich issued an order to show cause why plaintiff should not be

5   declared a vexatious litigant and subjected to a pre-filing review order.   Recently, the court has

6   dismissed numerous cases based on plaintiff's concession in his complaint that exhaustion of his

7   claim had not yet occurred.   <u>See</u> e.g., 1:06-cv-01066-AWI-SMS P; 1:06-cv-01102-AWI-SMS P;

8   1:06-cv-01198-AWI-SMS P; 1:06-cv-01204-OWW-SMS P 1:06-cv-01206-AWI-SMS P.   In this

9   action, plaintiff alleges that he filed an inmate appeal and the process is complete.

10        However, in his complaint, plaintiff alleges that on April 3, 2006, he was denied access to

11   the law library.  Plaintiff dated his complaint April 3, 2006, and it was received and filed on April

12   10, 2006.  The court finds that it is an impossibility for plaintiff to have properly utilized the prison's

13   administrative grievance process, which involves one informal level and three formal levels of

14   appeal, Cal. Code Regs. , Tit. 15 § 3084.5 (2006), and exhausted his appeal when the events upon

15   which he is attempting to impose liability occurred on the date he drafted his complaint.

16        This action is therefore DISMISSED, without prejudice, based on plaintiff's failure to
    comply with 42 U.S.C. § 1997e(a) by exhausting the available administrative remedies prior to filing
17   suit.IT IS SO ORDERED.

18   **Dated:   August 7, 2007**                        **/s/ Oliver W. Wanger**
                                              UNITED STATES DISTRICT JUDGE
19

20

21

22

23

24

25

26

27

28